# The United States, *vs.* Martin Hiler, impleaded with Elizabeth Hiler.

### *Certiorari to Desmoines.*

A brother and sister must each be over the age of sixteen years, to incur the guilt of incest under our statute.

The defendants were indicted for incest. The points saved and determined, are embodied in the opinion of the court.

L. D. STOCKTON, district prosecutor.

RORER, for defendant.

PER CURIAM, MASON, CHIEF JUSTICE.—The question presented by this case is, whether a brother, who is over the age of sixteen years, is guilty of the crime of incest, under the statute, by having sexual inter-

course with his sister, who is under that age. The statute, among other classes of offenders, includes *any brother and sister, who, being of the age of sixteen years, or upwards, shall have sexual intercourse together, having a knowledge of their consanguinity.* Must not both parties in such a case be over the age of sixteen years, in order that either should be guilty?

The first natural impulse is to answer this question in the negative, for why should the brother be permitted to screen himself from deserved punishment behind the fact that the sister was too young to be guilty of the crime herself? That circumstance would seem to aggravate the heinousness of the act, as calling more loudly on him for fraternal care and guidance.

Still we think a more critical examination of the matter will lead us to a different conclusion. The literal reading of the law is different. The indictment is drawn up in strict accordance with the statute, when it charges that both the brother and sister were over the age of sixteen years. This is a material allegation, and the proof should have corresponded with it. The indictment would have been bad on demurrer, had this allegation been omitted.

It is contended that the intention of the legislature in a case like this, must have been to punish the party who was of sufficient age, and to exempt the other. It may be that such was the case, but yet that conclusion can hardly be gathered from the words themselves, and the strictness of construction which is always applied to penal statutes, prevents us, except in extraordinary cases, from making any deflection in the direct meaning of the language of the statute, even for the purpose of administering what we may deem better justice.

But we are far from being fully satisfied that such was the intention of the law. Why was the arbitrary age of sixteen fixed in this statute? Not certainly because the parties then for the first time became *doli capax.* They would have been liable to be punished for murder at a much earlier period. But sixteen is considered the ordinary age of puberty, and finds its way into this statute, we think rather from a consideration of physical than of intellectual incapacity in those of more tender years. The conclusion is by no means unnatural that the crime of incest contemplated by the statute, is not completed by a mere offence against decency; the exhibition of a most revolting spectacle which the present case fully presents; but that it consists in the sexual intercourse of persons sustaining the relation of brother and sister *under circumstances which may be expected to be followed by the natural consequences of*

*such intercourse between adults.* If either of the parties is below the age of puberty, such a consequence cannot result. The crime cannot then be committed, and neither party is therefore liable to punishment.

If such a construction is not perfectly satisfactory, it coincides with the literal reading of the statute, and at all events is not so absurd or unreasonable as to justify the conclusion that the legislature meant some-thing different from the natural import of the language used.

Judgment affirmed.